IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| **UNITED STATES OF AMERICA** <br><br> v. <br><br> **QUENTIN ACE WILLIAMS and DONOVAN GORDON BLACKSON,** <br><br> **Defendants.** | **CRIMINAL INDICTMENT** <br><br> **NO. 1:12-CR-55-TWT** |

## **FINAL REPORT AND RECOMMENDATION**

Defendants Quentin Ace Williams and Donovan Gordon Blackson ("together Defendants") are charged with conspiracy to commit robbery in violation of Title 18, United States Code, Section 1951(a). In addition, Defendant Williams is also charged with eight counts of taking property from a business engaged in an activity affecting interstate commerce in violation of Title 18, United States Code, Section 1951; and eight counts of using a firearm in connection with a crime of violence, in violation of Title 18, United States Code, Section 924(c). Pending before this court is Defendant Williams's motions for severance [Docs.57 and 71] and Defendant Blackson's Motion to Dismiss Count One of the Indictment, or in the Alternative to Obtain a Bill of Particulars with Respect to Count One of the Indictment [Doc. 40], and Motion to Sever Defendants [Doc. 41].

## I. DEFENDANT WILLIAMS'S MOTION FOR SEVERANCE

Defendant Williams has moved for a severance from his co-defendants based on a potential Bruton problem. In Bruton v. United States, 391 U.S. 123 (1968), the Supreme Court held that the admission of a co-defendant's confession at a joint trial violates the defendant's right to confrontation if the confession also incriminates the defendant. However, at this time it appears that there will be no Bruton problem because the only other Defendant going to trial is Defendant Blackson, and he did not make any statements that incriminate Defendant Williams. Therefore, I recommend that Defendant Williams's Motions for Severance be **DENIED**.

## II. DEFENDANT BLACKSON'S MOTION TO DISMISS COUNT ONE OF THE INDICTMENT, OR IN THE ALTERNATIVE TO OBTAIN A BILL OF PARTICULARS WITH RESPECT TO COUNT ONE OF THE INDICTMENT

### A. Motion to Dismiss

Defendant Blackson Moves to dismiss Count One of the indictment, the only count in which he is charged, on the ground that it is insufficient to charge a violation of 18 U.S.C. § 1951(a).

The Hobbs Act, 18 U.S.C. § 1951(a), prohibits, among other things, conspiracy to obstruct, delay, or affect commerce by robbery, which it defines as the taking or obtaining of personal property from the person or presence of another by

2

means of actual or threatened force, violence, or fear of injury. 18 U.S.C. § 1951. Count One of the Indictment tracks the language of the statute and sets forth the elements of conspiracy under the Hobbs Act. The count sets forth the beginning and end dates of the conspiracy, the alleged conspirators, the purpose of the conspiracy (to commit robbery), and the property taken, namely, "United States currency, cellular telephones, as well as personal items belonging to individual victims . . . ." (Doc. 1). Where the indictment tracks the language in the statute and contains the essential elements of the crime, a motion to dismiss based on alleged insufficiency of the indictment should be denied. See United States v. Malone, No. 804CR348T24TGW, 2005 WL 1243762, at *3 (M.D. Fla. May 25, 2005) (denying motion to dismiss where "the language in the Indictment track[ed] the language of the extortion conspiracy statute, 18 U.S.C. § 1951, which sets forth the essential elements of the crime"). Thus, Defendant Blackson's Motion to Dismiss should be denied.

### B. Motion for Bill of Particulars

Alternatively, Defendant Blackson moves for a bill of particulars. He requests that the Government particularize Count One with the following information: (1) the dates upon which each alleged Defendant and co-conspirator,

3

including Defendant Blackson, joined the conspiracy; (2) all overt acts (not already identified in the Indictment) including dates, locations, participants, and conversations "allegedly committed in furtherance of the conspiratorial agreement alleged" in Count One; (3) the "dates, times and places at which" Defendant Blackson conspired with his co-Defendants; and (4) the names of the unidentified persons in Count One "known . . . to the grand jury" who conspired with Defendant Blackson and his co-Defendants.

"The purpose of a bill of particulars is to inform the defendant of the charge[s] against him with sufficient precision to allow him to prepare his defense, to minimize surprise at trial, and to enable him to plead double jeopardy in the event of a later prosecution for the same offense." United States v. Cole, 755 F.2d 748, 760 (11th Cir. 1985). A bill of particulars may not be used for the purpose of obtaining detailed disclosure of the government's case or evidence in advance of trial. See United States v. Perez, 489 F.2d 51, 70-71 (5th Cir. 1973).

The government states that it has already given Defendant Blackson the names of the known co-conspirators. Under the general principles set forth above, and the cases cited in the government's brief, the government is not required to provide the additional information requested by Defendant Blackson.

4

AO 72A
(Rev.8/82)

In a telephone conference that I held on August 7, 2012, the government disclosed that, at this time, most of its evidence against Defendant Blackson will come from his co-defendants and from a search of a residence belonging to someone other than Defendant Blackson. The government has provided to Defendant Blackson the co-defendants' statements and information related to the search. This information, together with the indictment, is sufficient to allow Defendant Blackson to prepare his defense, minimize surprise at trial, and eliminate concerns related to double jeopardy. Thus, Defendant Blackson's Motion for Bill of Particulars should be DENIED.

### III. CONCLUSION

In sum, I **RECOMMEND** that Defendant Williams's motions for severance [Docs. 57 and 71] be **DENIED**. I further **RECOMMEND** that Defendant Blackson's motion to dismiss/motion for bill of particulars [Doc. 40] be **DENIED** and his motion to sever [Doc. 41] be **DENIED**.

There are no pending matters before me, and I am aware of no problems relating to the scheduling of this case for trial. It is therefore **ORDERED AND ADJUDGED** that this action be declared **READY FOR TRIAL as to these two defendants**.

5

It is so **ORDERED** and **RECOMMENDED**, this  8th  day of August, 2012.

*Gerrilyn G. Brill*
GERRILYN G. BRILL
UNITED STATES MAGISTRATE JUDGE

AO 72A
(Rev.8/82)