IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| QUENTIN ACE WILLIAMS,<br>BOP ID 63503-019.<br><br>Movant,<br><br>v.<br><br>UNITED STATES OF AMERICA,<br><br>Respondent. | MOTION TO VACATE<br>28 U.S.C. § 2255<br><br><br>CIVIL ACTION FILE NO.<br>1:16-CV-1188-TWT-JKL<br><br><br>CRIMINAL ACTION FILE NO.<br>1:12-CR-55-TWT-JKL |

## **FINAL REPORT AND RECOMMENDATION**

Movant filed a motion to vacate, set aside, or correct his sentence. [Docs. 207, 213.] Respondent has filed a response. [Docs. 218, 220, 221.] For the reasons set forth below, the undersigned **RECOMMENDS** that the motion to vacate be **DENIED**.

### I.  BACKGROUND

On February 14, 2012, a federal grand jury returned a seventeen count indictment against Movant. [Doc. 1.] The charges included conspiring with others to commit robbery in violation of 18 U.S.C. § 1951(a), the commission of eight Hobbs Act robberies in violation of 18 U.S.C. § 1951, and eight counts of using a firearm during those robberies in violation of 18 U.S.C. § 924(c). [*Id.*]

On June 14, 2013, Movant entered into a binding negotiated plea agreement which recommended a 30-year prison sentence in exchange for his guilty plea to counts one (conspiracy to commit Hobbs Act robberies) and fifteen (discharging a firearm during a Hobbs Act robbery). [Doc. 137.]

On July 11, 2013, Movant filed a motion to replace his counsel and to withdraw his guilty plea. [Doc. 139.] On July 22, 2013, the United States Probation Office prepared a presentence investigation report ("PSR"), which determined that Movant's total offense level was 31 and his custody guideline range was 255 to 288 months' imprisonment. *U.S. v. Williams*, 590 F. App'x 845, 846 (11th Cir. 2014). Neither party objected to the terms of the PSR at that time. On August 27, 2013, the Court denied Movant's motion to replace his counsel, but granted the motion to withdraw his guilty plea. [Doc. 153.]

Counsel for Movant and the Government resumed plea negotiations, with counsel for defendant informing the Government that Movant would not agree to a sentence of more than 25 years' imprisonment. [Doc. 179.] Counsel for the Government responded in an October 16, 2013 email:

> He can plead straight to the same counts that he did at the original plea, except there won't be a negotiated plea agreement. No one here will authorize another plea agreement deal after he backed out of the last negotiated plea agreement.
>
> Presumably we could proceed with the same PSR that was previously prepared, but because there is no negotiated plea

> agreement, the government makes no promise about a sentence recommendation.
>
> What is the benefit to him? (1) He only pleads to one 924(c); (2) you have a PSR that recommends a guideline of 255-288; (3) you can offer mitigation evidence of his mental condition; and (4) you are free to request a sentence below 300 months or 25 years.
>
> What's in it for the government? (1) The government makes its 3553 argument and (2) the government is not bound by the guidelines.

[Doc. 179 at 2.]

On November 6, 2013, Movant pled guilty to counts one and 15 of the indictment. [Docs. 169, 175.] At the plea hearing, the Government confirmed there was no plea agreement, but that it would dismiss all other counts. [Doc. 175 at 2.] Movant also confirmed no promises had been made about what his sentence would be or that caused him to plead guilty. [*Id.* at 8.] Defense counsel also confirmed there was no plea agreement. [*Id.* at 9.] Movant confirmed that he understood he was facing a maximum penalty of life in prison for count 15, in addition to a 20-year maximum for count one. [*Id.* at 12-14.] When the Court asked Movant: "Do you understand that it is not possible to determine the exact guidelines for your case until after the Pre-Sentence Report has been completed and you and the government have had an opportunity to challenge the facts reported by the probation officer in the Pre-Sentence Report?" Movant replied yes. [*Id.* at 14-15.]

3

On November 8, 2013, the Government filed objections to the first PSR and requested corrections. [Doc. 220 at 8.] The U.S. Probation Office prepared a second PSR on December 18, 2013, setting Movant's total offense level at 35 with a guideline range of 330 to 382 months' imprisonment. [*Id.* at 9-10.] On January 2, 2014, defense counsel filed objections to the second PSR. [*Id.* at 10.]

On February 25, 2014, the Court sentenced Movant to 360 months' imprisonment. [Doc. 180.] The Court considered and rejected defense counsel's argument, based on the Government's statement in the email that "presumably we can proceed with the same PSR," that the sentence should have been based on the first PSR, which established a guideline range of 255 to 288 months. [Doc. 179 at 2; Doc. 197 at 7-9.] Defense counsel argued that Movant had relied on the Government's statement in deciding to plead guilty.

In overruling defense counsel's objections, the Court noted that there was no plea agreement:

> As [the prosecutor] said, initially the Defendant entered into a binding guilty plea. I did not accept the plea. I waited until the Pre-Sentence Report had been completed, and by that time, the Defendant had changed his mind and wanted to withdraw his plea, which I let him do it over the Government's objections.
>
> He then re-entered a guilty plea with no agreement, no deal with the Government as to what his sentence would be. Everything started over. And that included the preparation of the Pre-Sentence Report, the right of both sides to make objections to the Pre-Sentence Report, my authority to enter whatever sentence I wanted to, including the maximum

> sentence of 20 years on Count 1 and the maximum sentence of life on Count 15. That's the situation Mr. Williams was in when he entered his plea. That's the situation he is in today. So there's been no detrimental reliance by him on anything.

[Doc. 197 at 8.] In sentencing Movant to 360 months' imprisonment, the Court noted that it considered the factors set forth in 18 U.S.C. § 3553(a) such as "the need to protect the public from this Defendant" and his history and characteristics. [Doc. 197 at 35.] Given the number of armed robberies involved, the injuries sustained by the victims, the terror inflicted on businesses and the fact that Movant committed the offenses shortly after being released from prison, the Court concluded that the sentence was "fair and reasonable and appropriate." [*Id.*]

The Court further stated that even if the guideline range should have been lower than that set forth in the second PSR, it would have imposed the same sentence:

> And I will simply state for the record as well that if I made any mistake in the calculation of the guidelines if the guideline calculation was lower than that which I calculated I would depart upward and impose a sentence of at least 30 years in custody in this case.

[Doc. 197 at 35.]

Defense counsel raised a number of objections to the guideline calculation, including using the second instead of the first PSR, the Court's acceptance of the Government's objections to the first PSR, the offense level used, and the reasonableness of the sentence. [Doc. 197 at 36.]

Movant appealed his conviction and sentence to the Eleventh Circuit Court of Appeals, arguing that "the district court clearly erred by failing to enforce the parties' purported agreement to use the guideline calculations from the first presentence investigation report (PSI) at sentencing, rather than the higher calculations in the subsequently revised PSI." *Williams*, 590 F. App'x at 846. On October 23, 2014, the Eleventh Circuit affirmed Movant's sentence, finding that because both Movant and his counsel "affirmatively represented" at the change of plea hearing "that no plea agreement existed between the parties," Movant's "actions invited the district court to conclude that there was no plea agreement between the parties." *Id.* at 848. The Eleventh Circuit further found that even if Movant was not subject to the invited-error doctrine, Movant had not established plain error because the record showed there was no agreement between Movant and the Government.[1] *Id.* at 848. The circuit court further held that Movant had failed to "show that any error affected his substantial rights" because "the district court explained that even if it had miscalculated [the] guideline range, the court would have departed upward and imposed a sentence of at least 360 months." *Id.*

---

[1] It is important to note that the Eleventh Circuit acknowledged the existence of the "e-mails concerning purported plea negotiations between [Movant's] counsel and the government," but concluded that those e-mails did not constitute a plea agreement. *Williams*, 590 F. App'x at 847-848.

6

On January 20, 2016, Movant filed the present motion to vacate, asserting two claims: (1) ineffective assistance of counsel based on counsel's advice to plead guilty and subsequent failure to move to withdraw the guilty plea; and (2) ineffective assistance of counsel based on counsel's failure to put the email agreement into evidence at the change of plea hearing.[2] [Doc. 207 at 4-5.] On June 15, 2016, Movant sought to amend his motion to add a claim based on the Supreme Court's decision in *Johnson v. United States*, 135 S. Ct. 2551 (2015). [Doc. 213.] The Government filed a response on August 17, 2016, and November 30, 2016. [Docs. 218, 220.] The Government also filed a notice of supplemental authority on July 19, 2017. [Doc. 221.]

## II.   RELEVANT LEGAL STANDARDS

### A.   The Standard for Relief Under § 2255

To prevail on a § 2255 motion, a movant must demonstrate that: (1) the sentence was imposed in violation of the Constitution or laws of the United States; (2) the Court was without jurisdiction to impose such a sentence; (3) the sentence exceeded the maximum sentence authorized by law; or (4) the sentence is otherwise subject to collateral attack. 28 U.S.C. § 2255. A sentence is otherwise

---

[2] Pursuant to the "mailbox rule," a *pro se* prisoner's § 2255 motion is deemed to be filed on the date it was delivered to prison authorities for mailing, and absent evidence to the contrary, the Court presumes the prisoner delivered the pleading to prison officials on the day it was signed. *See Day v. Hall*, 528 F.3d 1315, 1318 (11th Cir. 2008).

subject to collateral attack when there is a fundamental defect that results in a complete miscarriage of justice. *United States v. Addonizio*, 442 U.S. 178, 185 (1979). Collateral relief, however, is limited. "Once [a] defendant's chance to appeal has been waived or exhausted, . . . we are entitled to presume he stands fairly and finally convicted," *United States v. Frady*, 456 U.S. 152, 164 (1982), and it is the movant's burden to establish his right to collateral relief, *Rivers v. United States*, 777 F.3d 1306, 1316 (11th Cir. 2015), *cert. denied*, __ U.S. __, 136 S. Ct. 267 (2015).

Matters decided on direct appeal cannot be re-litigated under § 2255, and matters that could have been raised on direct appeal, but were not, generally are foreclosed in § 2255 proceedings. *Hidalgo v. United States*, 138 F. App'x 290, 291, 294 (11th Cir. 2005) (citing *Lynn v. United States*, 365 F.3d 1225, 1234 (11th Cir. 2004), and *United States v. Nyhuis*, 211 F.3d 1340, 1343 (11th Cir. 2000)). Claims that a § 2255 movant could have asserted on direct appeal, but did not, generally are procedurally barred absent (1) a showing of cause for the default and actual prejudice or (2) a showing of a fundamental miscarriage of justice or actual innocence. *McKay v. United States*, 657 F.3d 1190, 1196 (11th Cir. 2011). Thus, § 2255 relief "is reserved for transgressions of constitutional rights and for that narrow compass of other injury that could not have been raised in direct appeal and would, if condoned, result in a complete miscarriage of justice." *Lynn*, 365 F.3d at

1232 (quoting *Richards v. United States*, 837 F.2d 965, 966 (11th Cir. 1988)) (internal quotation marks omitted); *see also Massaro v. United States*, 538 U.S. 500, 505-09 (2003) (holding that a constitutional claim of ineffective assistance of counsel generally is properly raised on collateral review in order to allow for adequate development and presentation of relevant facts).

An evidentiary hearing is not warranted if "the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief." 28 U.S.C. § 2255(b); *Fontaine v. United States*, 411 U.S. 213, 215 (1973).

### B. *Strickland v. Washington*

To establish ineffective assistance of counsel, a § 2255 movant must show that his counsel's performance was deficient such that it was below objectively reasonable standards, and that the deficient performance prejudiced the movant. *Strickland v. Washington*, 466 U.S. 668, 688, 692 (1984). As for the first prong of the test, a court should be "highly deferential" in scrutinizing counsel's performance, *id.* at 689, and "must indulge the strong presumption that counsel's performance was reasonable and that counsel made all significant decisions in the exercise of reasonable professional judgment," *Chandler v. United States*, 218 F.3d 1305, 1314 (11th Cir. 2000). To establish deficient performance, a movant must establish that no objectively competent lawyer would have taken the action that his

lawyer took or would have failed to take the action he contends the lawyer should have taken. *Id.* at 1315.

Under the second prong of the test, a court determines whether counsel's challenged acts or omissions prejudiced the movant, *i.e.*, whether "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Strickland*, 466 U.S. at 694. "A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Id.* A court need not address both prongs of *Strickland*'s test if the movant "makes an insufficient showing on one." *Id.* at 697.

### III. DISCUSSION

In his motion to vacate, Movant has asserted three grounds for relief: (1) ineffective assistance of counsel based on counsel's advice to plead guilty, (2) ineffective assistance of counsel based on counsel's failure to put the email agreement into evidence at the change of plea hearing, and (3) his § 924(c) conviction is invalid because a Hobbs Act robbery does not constitute a "crime of violence" in light of the Supreme Court's decision in *Johnson v. United States*, 135 S. Ct. 2551 (2015). For the reasons set forth below, the undersigned finds that Movant is not entitled to relief and his motion to vacate should be denied.

### A. Counsel was not ineffective with respect to the guilty plea.

Movant contends that his counsel was ineffective for advising him to plead guilty and then for failing to move to withdraw the guilty plea "once the government breached the promise of the e-mail agreement." [Doc. 207-1 at 3, 6-7.] The first question is whether counsel was ineffective for advising Movant to plead guilty.

The Supreme Court has held that "the two part *Strickland v. Washington* test applies to challenges to guilty pleas based on ineffective assistance of counsel," and that "to satisfy the 'prejudice' requirement, the defendant must show that there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." *Hill v. Lockhart*, 474 U.S. 52, 58-59 (1985). While Movant currently states that had he would have insisted on going to trial if he had known he risked a sentence of more than 25 years, his current claims are contradicted by his sworn statements at the plea colloquy. "There is a strong presumption that the statements made during the [plea] colloquy are true." *United States v. Medlock*, 12 F.3d 185, 187 (11th Cir. 1994). The Movant "bears a heavy burden to show statements made under oath at a plea colloquy were false." *Jerchower*, 486 F. App'x at 71 (quoting *United States v. Rogers*, 848 F.2d 166, 168 (11th Cir. 1988)) (internal quotation marks omitted).

When Movant pled guilty, he testified under oath that no one had made any promises that caused him to plead guilty and that no one had made promises as to what his actual sentence would be. [Doc. 175 at 8.] Further, the district judge clearly advised Movant that the actual sentence could not be predicted because it would be based on a PSR that had not yet been prepared. [Doc. 175 at 14-15.] Movant stated that he understood. [*Id.*] Movant further stated that he understood he faced a maximum sentence of life imprisonment. [*Id.*] "[A] defendant's unexpressed reliance on his attorney's speculation cannot overcome his direct responses" to the district judge in the plea colloquy. *United States v. Gonzalez-Mercado*, 808 F.2d 796, 800 n.10 (11th Cir. 1987). Based on Movant's testimony in the plea colloquy, he has failed to show a reasonable probability that he would not have pled guilty, and therefore, he has not established prejudice.[3]

Second, Movant was not entitled to the withdrawal of his guilty plea. Movant acknowledged at the plea hearing that even if the sentence was more severe than expected, he would "still be bound by [his] plea of guilty and [would] have no right to withdraw it." [Doc. 175 at 14-16.] "After the district court has accepted a plea and before sentencing, a defendant may withdraw a guilty plea if 'the defendant can show a fair and just reason for requesting the withdrawal.'"

---

[3] The undersigned also notes that even if the Court had used the first PSR as Movant would have liked, he still would have received a 30 year sentence. [Doc. 197 at 35.]

*United States v. Garcia*, 213 F. App'x 817, 819-20 (11th Cir. 2007) (quoting Fed. R. Crim. P. 11(d)(2)(B)). "[T]he erroneous predictions by . . .counsel and the government as to [a defendant's] guidelines calculations do not provide a 'fair and just reason' for withdrawing" a guilty plea. *Garcia*, 213 F. App'x at 820; *see also United States v. Pease*, 240 F.3d 938, 941 (11th Cir. 2001) (affirming denial of motion to withdraw guilty plea where defense counsel's sentencing prediction was low because district judge advised defendant during plea colloquy of the statutory maximum and that court is not bound by counsel's predictions). Moreover, the only ground for withdrawal of the guilty plea counsel could have asserted at that point was Movant's reliance on the Government's e-mail. This argument was raised and rejected by the Court at the sentencing hearing. There is no reason to suspect that the Court would have then accepted this reasoning as a basis for withdrawing the guilty plea. Accordingly, Plaintiff has not shown that he was prejudiced by his counsel's failure to move to withdraw the plea because there is no reason to believe that such a motion would have been granted. This claim is without merit.

### B. Counsel Was Not Ineffective With Respect to Entering E-mail Agreement Into Evidence at Change of Plea Hearing

Movant contends that his counsel should have introduced the Government's e-mail as evidence at the change of plea hearing to avoid it being excluded from the record on appeal. This argument is without merit. Counsel introduced the e-

mail agreement into evidence at the sentencing hearing. [Doc. 179.] Moreover, the Eleventh Circuit did not rule against Movant on appeal because it failed to consider the content of this e-mail. Rather, the Eleventh Circuit concluded that the e-mail did not constitute a plea agreement. *Williams*, 590 F. App'x at 848. Consequently, Movant has not shown that his counsel's performance was deficient in this respect.

### C. *Johnson v. United States*

Lastly, relying on the Supreme Court's decision in *Johnson v. United States*, 135 S. Ct. 2551 (2015), Movant claims that his 18 U.S.C. § 924(c) conviction should be vacated because a Hobbs Act robbery does not qualify as a "crime of violence" to support that conviction. In *Johnson*, the Supreme Court held that 18 U.S.C. § 924(e)'s residual clause is "unconstitutionally vague because it creates uncertainty about how to evaluate the risks of physical injury posed by a prior criminal conviction and how much risk it takes to qualify as a violent felony." *Ovalles v. United States*, 861 F.3d 1257, 1263 (11th Cir. 2017).

Movant is arguing that *Johnson*'s holding with respect to § 924(e)'s residual clause should be extended to the definition of "crime of violence" in § 924(c)(3). For the purposes of a § 924(c) conviction, a "crime of violence" is defined as:

> an offense that is a felony and –
>
> (A) has an element the use, attempted use, or threatened use of physical force against the person or property of another, or,
>
> (B) that by its nature, involves a substantial risk that physical force against the person or property of another may be used in the course of committing the offense.

18 U.S.C. § 924(c)(3). Section 924(c)(3)(A) is referred to as the "use-of-force clause" and § 924(c)(3)(B) is referred to as the "risk-of-force" clause. *Ovalles*, 861 F.3d at 1263.

The Eleventh Circuit recently held "that *Johnson*'s void-for-vagueness ruling does not apply to or invalidate the 'risk-of-force' clause in § 924(c)(3)(B)." *Id.* at *7. Moreover, the Eleventh Circuit has held that a conviction for Hobbs Act robbery "clearly qualifies as a 'crime of violence' under the use-of-force clause in § 924(c)(3)(A)." *In re Fleur*, 824 F.3d 1337, 1340 (11th cir. 2016). Accordingly, this claim is without merit.

In addition, because this claim could have been raised on appeal, but was not, this claim has also been procedurally defaulted. He has not shown cause and prejudice for his failure to raise this claim earlier. This claim is procedurally defaulted.

## IV. CERTIFICATE OF APPEALABILITY ("COA")

A federal prisoner may not appeal the denial of his § 2255 motion "unless a circuit justice or a circuit or district judge issues a certificate of appealability under 28 U.S.C. § 2253(c)." Fed. R. App. P. 22(b)(1). Rule 11 of the Rules Governing § 2255 Cases provides that "[t]he district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." A COA may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). A substantial showing of the denial of a constitutional right "includes showing that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *Slack v. McDaniel*, 529 U.S. 473, 483-84 (2000) (citations and quotation marks omitted).

It is not reasonably debatable that Movant's claims in his motion to vacate lack merit. Because Movant has not substantially shown that he was denied a constitutional right, a COA is not warranted. *See* 28 U.S.C. § 2253(c)(2); *Slack*, 529 U.S. at 483-84.

## V. CONCLUSION

For the reasons set forth above, the undersigned **RECOMMENDS** that the motion to vacate be **DENIED**. [Docs. 207, 213.] The undersigned further

16

recommends that a COA be **DENIED**. The Clerk is **DIRECTED** to withdraw the referral to the undersigned.

**IT IS SO RECOMMENDED** this 4th day of August, 2017.

                                                 /s/ John K. Larkins III
                                                 JOHN K. LARKINS III
                                                 UNITED STATES MAGISTRATE JUDGE